

# OFFICE OF

# THE ATTORNEY GENERAL

## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 17, 1947

Hon. George H. Shepperd
Comptroller of Public Accounts
Austin, Texas   Opinion No. V-378

      Re: Authority of Comptroller of
        Public Accounts to pay sal-
        aries from certain items in
        the "Maintenance and Miscel-
        laneous" appropriations made
        to the Cigarette and Occupa-
        tion Tax Division

Dear Sir:

   We quote the following from your letter of August 6, 1947, requesting an opinion on the matter set out above:

   "The Fiftieth Legislature, in the General Appropriation Bill, appropriated to the Comptroller, under the heading of Maintenance and Miscellaneous, the following items:

     "101. Postage, Box Rent, Telephone, Telegraph, Freight, Supplies, Stationery, Printing, Equipment, Rents, Bond Premiums, Court Costs, Contingent and Traveling expenses.........$50,000.00

     "102. Enforcement of Vending Machine Tax Law, including Travel Expenses, to be paid from Vending Machine Tax Enforcement Fund hereby appropriated........... 12,500.00

     "103. Enforcement of State Occupation Tax including travel expense, to be paid from funds derived under the provisions of Article 7047, R.C.S., hereby appropriated............... 5,000.00

"104. Enforcement of State Admission Tax Law, including Travel Expenses, to be paid from admission tax funds derived under the provisions of Article 7047 A-19, R.C.S., hereby appropriated...... 5,000.00

"Total Maintenance and Miscellaneous ...................... $72,500.00

"Under the items listed for encorcement of the different laws, this department has heretofore used such miscellaneous for the payment of salaries.

"But, under sub-division f. of Section (14) in the Riders of the General Appropriation Bill, I find this language:

"'Contingent Expenses. None of the funds hereinabove appropriated for 'contingent expenses' or 'Maintenance and miscellaneous' shall be used for the payment of any salaries unless specifically authorized to be paid in the itemization under contingent, maintenance and miscellaneous items hereinabove set out and designated therein as 'salaries', 'extra help,' or 'seasonal labor.'"

You then request our opinion as to whether, in view of this rider, salaries may be paid from items 101, 102, 103, and 104 quoted above.

There can be no question that the Legislature by the rider above quoted intended to prohibit the payment of additional salaries of any kind from funds appropriated for "contingent expenses" or for "maintenance and miscellaneous" except in those instances in which the particular item of appropriation permits such use. We were at first of the opinion that a specific designation as "salaries", "extra help," or "seasonal labor" was an essential requisite to the use of such funds for these purposes; but an examination of the entire General Appropriation Bill has led us to the conclusion that these words cannot serve as the sole criterion of legislative intent for the reason that numerous specific appropriations have been made for such purposes in items under the heading "Maintenance and

Miscellaneous" without being "designated therein as
'salaries', 'extra help', or 'seasonal labor'." The fol-
lowing are examples of clearly authorized expenditures
which do not use the specific designations enumerated in
the rider:

### EXECUTIVE DEPARTMENT

Maintenance and Miscellaneous

"17.         . . . labor and employees for the
mansion . . ." (Emphasis added
throughout this opinion)

### TEXAS LIQUOR CONTROL BOARD

Maintenance and Miscellaneous

"43.        Accumulating evidence (including
purchases, services, and expenses
. . .) . . .

### TEXAS STATE PARKS BOARD

Maintenance and Miscellaneous

"20.        . . . Seasonal Salaries . . ."

### DEPARTMENT OF PUBLIC SAFETY

Maintenance and Miscellaneous

"52.        . . . and to employ men other
than regular employees when neces-
sary . . .

"84.        . . ." . . .labor . . ."

"132.       . . . seasonal help . . ."

### BOARD OF INSURANCE COMMISSIONERS

Maintenance and Miscellaneous

"46.        . . . messenger service . . ."

In each of these cases there is a conflict between
the plain wording of the specific itemization on the one
hand and the provisions of the general rider on the other

hand. It is a fundamental rule of construction that in such cases of conflict between a specific provision and a general one, the provision which is specific and definite shall control. Moreover any suggestion that the above quoted items are invalid because not stated in one of the exact designations of the rider would lead to a result clearly at variance with the usual presumptions against unreason and absurdity which guide in construing legislative enactments. Endlich on Interpretation of Statutes, §§ 264, 265 and authorities cited therein. Mr. Sutherland in § 5505 of his work on Statutory Construction points out that the purposes and objects of a statute should be determinative of whether a strict or liberal construction is proper. Under this theory a statute "is liberally construed when the letter of the statute is extended to include matters within the spirit or purpose of the statute . . .. A good example of this sort of liberal and strict construction is the ancient doctrine of the equity of the statute to the effect that cases within the reason, though not within the letter of a statute shall be embraced by its provisions; . . ."

We are therefore of the opinion that the rider here involved should not be construed to require that the exact quoted designations reappear in the particular item, provided the particular item itself clearly shows that it is intended that the funds appropriated thereto may be used for the payment of necessary salaries.

In choosing examples of items, heretofore set out, which depart from the exact designations used in the rider we have selected those which so closely approximate "salaries," "seasonal labor", and "extra help" that there could be no difference of opinion as to the legislative intent. The items involved in your request present a more difficult problem. We shall now consider each item separately.

Item 101 lists "Postage, Box Rent, Telephone, Telegraph, Freight, Supplies, Stationery, Printing, Equipment, Rents, Bond Premiums, Court Costs, Contingent and Traveling Expense". Not one of the listed items, with the possible exception of "Contingent", embraces the idea of "salaries", "extra help," or "seasonal labor". To allow the expenditure of any part of the $50,000 appropriated for these purposes would violate the reason as well as the letter of Sec. 14 f. Past opinions of this Department have allowed a more liberal construction of the "uses" to which "miscellaneous" appropriations might be put; but in those cases there was no such general rider as is found in the present bill. You are therefore advised that no part of item 101 may be used for the payment of salaries.

Item 102 appropriates $12,500 for "Enforcement of Vending Machine Tax Law, including Travel Expenses, to be paid from the Vending Machine Tax Enforcement Fund ...". The various provisions of the law relating to a tax on coin operated machines are found in Articles 7047-(23); 7047a-2-7047a-18. Article 7047a-9 provides, in part as follows:

"The Comptroller of Public Accounts of this State is hereby authorized, ordered and directed to collect, and issue licenses or permits for the payment of the tax levied herein and to employ all the agencies of the law available to him for the enforcement of the provisions of this Act. . . . Provided further, that Ten Thousand Dollars ($10,000) of the funds derived under the provisions of this Act shall be set aside annually in a special fund subject to the use of the Comptroller and so much of said fund as may be necessary shall be expended for the printing of applications, licenses and permits and for the administration and enforcement of the provisions of this Act and so much of the proceeds of said fund shall be and the same is hereby appropriated for said purposes, same to be paid as needed; any unexpended portion of said fund so specified shall at the end of the biennium be paid in proper proportion to the funds to which the tax levied herein is apportioned. Provided, however, that any salaries so here authorized to be paid shall not exceed in any particular the amount specified in the general appropriation bill passed at the Forty-fourth Legislature, Regular Session, for the same or similar services."

Undoubtedly the above statute contemplates that salaries are to be paid out of the fund therein created. This article contains the first appropriation and provides a limitation as to the amount of the salary to be paid to those engaged in enforcing the law. The Fiftieth Legislature has seen fit to appropriate the fund so allocated for the purpose of "Enforcement of Vending Machine Tax Law . . .". Webster's New International Dictionary, 2nd Ed., gives as one of the meanings of "enforcement" the "act or process of enforcing". Clearly a "process of enforcing" contemplates an enforcing agency, i.e. a person or persons. We are therefore of the opinion that an interpretation of this provision as allowing the payment of

salaries is the only interpretation which could be "within the reason of the statute".

What we have heretofore said in regard to item 102 relates to the use of the funds appropriated thereto. We must now consider the amount of the appropriation lest we leave the implication that a full expenditure of this item is authorized. The allocation for the "Vending Machine Tax Enforcement Fund" as created by Article 7047a-9, previously quoted, is in the amount of $10,000 "to be set aside annually in a special fund.. . ." Moreover, it is provided that at the ·end of each biennium the unexpended portion of said fund shall be paid in proper proportion "to the funds to which the tax levied herein is apportioned." Thus there can be no surplus carried over at the end of a biennium. The amount appropriated to item 102 for the coming biennium is $12,500 for each year. It is well settled that an appropriation bill can neither repeal nor modify a general law. See Attorney General's Opinions Nos. 0-700; 0-4788; 0-3935; and authorities cited therein. Therefore, the Legislature could not increase by $2,500 the allocation made by Article 7047a-9. However, the Legislature might validly have appropriated $10,000 for each year by appropriating for each year "all the funds in the 'Vending Machine Tax Enforcement Fund'". The reasoning of the Court in Atkins v. State Highway Department, 201 S.W. 226, supports this conclusion. We are of the opinion that this is, in effect, what the Legislature has appropriated, and that the appropriation is therefore valid to the extent of $10,000 for each year of the biennium.

Item 103 is likewise appropriated for "enforcement" purposes. The particular laws which are to be enforced being generally stated as "State Occupation Tax." Various occupations are made subject to tax by Article 7047, R.C.S. We think that the definition of "enforcement" previously given in this opinion is the proper definition to apply here, i.e. "the process of enforcing", which naturally entails enforcing agencies or persons. Therefore, you may pay necessary salaries for such persons from Item 103.

The appropriation under item 104 is made for "enforcement of the State Admission Tax Law, including Travel Expenses," and is to be paid "from admission tax funds derived under the provisions of Article 7047 A-19, R.C.S. . . ." Section 6 of Article 7047a-19 reads as follows:

"All the revenues derived under and by virtue of this Section shall be credited by

the Treasurer, one-fourth to the Available
School Fund, and three-fourths to the Texas
Old Age Assistance Fund. Acts 1936, 44th Leg.,
3rd C. S., p. 2040, ch. 495, Art. 3, § 6; Acts
1937, 45th Leg., p. 311, ch. 161, § 1."

By virtue of this section of Article 7047a-19 all
of the funds derived under the provisions of Article 7047a-19
have been allocated and disposed of as therein provided. As
stated above, an appropriation bill cannot repeal or modify
a general law. This attempted appropriation being completely
ineffectual, there are no funds under item 104 to be used by
your Department for any purpose.

## SUMMARY

When specific itemizations in the General
Appropriation Bill, S.B. 391, Ch. 400, Acts
50th Legislature, clearly authorize use of funds
for purposes requiring payment of salaries, such
specific itemization and authority shall control
over conflicting provisions of a general rider.
(Sec. 2 (14)f). The Comptroller may not use any
of the funds appropriated under item 101 for the
payment of salaries as such use is not within the
meaning of the itemizations therein. The Comp-
troller may use for the payment of salaries only
such funds as are validly appropriated by item
102. Funds appropriated by item 103 are available
for such use. No funds are available for any
purpose under item 104 since the funds from which
such item is to be paid have been fully allocated
to other purposes by general law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Marietta Creel_
Mrs. Marietta Creel
Assistant

MC/lh

APPROVED

_Price Daniel_
ATTORNEY GENERAL